**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HEIDI HAUTALA, | DOCKET NUMBER |
| Appellant, | PH-844E-21-0059-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: April 12, 2024 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Melissa Lanouette, Esquire, Boston, Massachusetts, for the appellant.

Linnette Scott, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied her application for disability retirement under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis as to why the appellant failed to meet element (2) for determining eligibility for disability retirement benefits under FERS, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a Nurse at the Department of Veterans Affairs Medical Center (VAMC) in Brockton, Massachusetts, until she resigned effective March 1, 2020. Initial Appeal File (IAF), Tab 9 at 16, 167, 197. On November 18, 2019, she applied for FERS disability retirement benefits with OPM. *Id.* at 159-60. In her statement of disability, the appellant asserted that she became disabled in August 2019, due to the following medical conditions: anxiety, depression, post-traumatic stress disorder (PTSD), and panic attacks. *Id.* at 159. The appellant asserted that the "ongoing panic attacks and anxiety limit [her] performance [and] attendance." *Id.* at 159. She further alleged that her medical conditions affected her ability to drive to work and respond in emergency situations. *Id.* OPM issued an initial decision denying the appellant's application for FERS disability retirement benefits after finding that she did not meet all the criteria for disability retirement, and she requested reconsideration. *Id.* at 15-154.

She submitted additional documentation, but OPM issued a reconsideration decision sustaining its initial decision. *Id.* at 4-11.

The appellant filed an appeal with the Board challenging OPM's final decision and requesting a hearing. IAF, Tab 1 at 2, 4-6. Following a telephonic hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 18, Initial Decision (ID) at 1, 13. The administrative judge found that the appellant had more than 18 months of creditable Federal civilian service with the agency and a deficiency in attendance, and that the agency certified that it could not accommodate the appellant's mental health conditions and reassignment was not possible. ID at 11. The administrative judge also found that the appellant's medical records and testimony established that she suffered from mental health conditions while employed as a Nurse at the Brockton VAMC. *Id.* Nevertheless, he determined that the appellant had not shown by preponderant evidence that her medical conditions were expected to continue to be disabling for at least 1 year from the date that the application for disability retirement benefits was filed, and that the medical evidence only proved that she was unable to work as a nurse at the Brockton VAMC. *Id.* The administrative judge concluded that the Board has affirmed the denial of disability claims when the evidence shows that an employee's health problems were caused by a reaction to a particular workplace. ID at 12.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review. PFR File, Tab 3. The appellant has also filed a motion for leave to submit additional evidence.[2] PFR File, Tab 5.

---

[2] Following the close of the record on review, the appellant submitted a motion for leave to file an additional pleading. PFR File, Tab 5. In the appellant's motion, she requests leave to submit "a decision that grants her Department of Veteran Affairs' Benefits [sic] to permit her to seek additional schooling as she became unable to perform her past work in part due to her service-related disabilities." *Id.* at 2. According to the appellant, this decision supports her claim for disability retirement.

## DISCUSSION OF ARGUMENTS ON REVIEW

In an appeal from an OPM decision on a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence. *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013); 5 C.F.R. § 1201.56(b)(2)(ii). To be eligible for a disability retirement annuity under FERS, an appellant must establish the following elements: (1) she completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she did not decline a reasonable offer of reassignment to a vacant position. *Christopherson*, 119 M.S.P.R. 635, ¶ 6; 5 C.F.R. § 844.103(a).

The administrative judge found, and the parties do not dispute on review, that the appellant met the 18-month service requirement under FERS at the time she filed her application and her employing agency "certified that it could not accommodate [her] mental health conditions and reassignment was not possible." PFR File, Tab 1 at 4-11, Tab 3 at 4-6; ID at 11; IAF, Tab 9 at 168-69. We discern no basis for disturbing these findings. Thus, the appellant's entitlement to a

---

*Id.* However, she has not specifically explained how this evidence is material or related to her application for disability retirement benefits or the reports from her medical providers linking the disabling medical conditions she identified in her disability retirement application to her specific work environment and acknowledging that her conditions improved when not in that work environment. 5 C.F.R. § 1201.115; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The appellant has also failed to indicate whether this evidence is new or was not readily available before the record closed. *See Russo*, 3 M.S.P.R. at 349. Accordingly, the appellant's motion for leave to submit additional evidence is denied.

disability retirement annuity depends on whether she had a disabling medical condition that was expected to last for at least 1 year from November 2019. *See Christopherson*, 119 M.S.P.R. 635, ¶ 6.

In his initial decision, the administrative judge determined that the appellant failed to prove elements (2) and (3), reasoning that her disabling medical conditions were situational, that is, apparent only in her work environment at the Brockton VAMC as a result of an alleged hostile work environment, and were not expected to continue for at least 1 year. ID at 11-13. On review, the appellant largely disagrees with the factual findings of the administrative judge regarding her disabling medical conditions and inability to perform as a nurse. PFR File, Tab 1 at 6-11. As further detailed below, we agree with the administrative judge that the appellant's medical conditions were situational and supplement the initial decision to provide additional support for this finding.

The administrative judge properly sustained OPM's reconsideration decision.

An applicant may demonstrate eligibility for disability retirement under FERS in one of two ways: (1) by showing that the medical condition caused a deficiency in performance, attendance, or conduct; or (2) by showing that the medical condition is incompatible with useful and efficient service or retention in the position. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 16 (2012); *see* 5 U.S.C. § 8451(a)(1)(B); 5 C.F.R. § 844.103(a)(2); *see also Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012) (finding that the standard is the same under both the Civil Service Retirement System and FERS). Under the first method, an individual can establish entitlement by showing that the medical condition affects her ability to perform specific work requirements, prevents her from being regular in attendance, or causes her to act inappropriately. *Henderson*, 117 M.S.P.R. 313, ¶ 16. Under the second method, an individual can establish entitlement by showing that the medical condition is inconsistent with working in general, in a particular line of work, or in a

particular type of setting. *Id.* In determining an appellant's entitlement to disability retirement, the Board considers all pertinent evidence including objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence showing the effect of her condition on her ability to perform the duties of her position. *Id.*, ¶ 19. The ultimate question, based on all relevant evidence, is whether the appellant's medical impairments preclude her from rendering useful and efficient service in her position. *Id.*, ¶ 20.

The Board has found that job-related stress resulting in mood disorders such as depression and anxiety can be disabling and warrant the granting of disability retirement. *Guthrie v. Office of Personnel Management*, 105 M.S.P.R. 530, ¶ 6 (2007). Absence from work merits consideration in judging disability; however, unless there is corroborating evidence establishing impaired performance of duties, absence alone will not establish disability. *Id.* There is no persuasive evidence here establishing that the appellant's ability to perform her duties was impaired. As the administrative judge properly observed, the appellant's supervisor indicated on her written statement in connection with the appellant's application for disability retirement that the appellant's job performance had been satisfactory. ID at 4.

An appellant must also show that she is unable to perform her job duties in general and not only in the context of what she sees as a hostile environment. *Guthrie*, 105 M.S.P.R. 530, ¶ 12; *Tan-Gatue v. Office of Personnel Management*, 90 M.S.P.R. 116, ¶ 15 (2001), *aff'd per curiam*, 52 F. App'x 511 (Fed. Cir. 2002). The Board has rejected disability claims when the appellant's conditions were largely situational, i.e., apparent only in her work environment or in the context of what she perceived as a hostile work environment. *Luzi v. Office of Personnel Management*, 109 M.S.P.R. 79, ¶ 9 (2008); *Cosby v. Office of Personnel Management*, 106 M.S.P.R. 487, ¶¶ 7, 10 (2007).

In concluding that the appellant's disabilities were situational, the administrative judge explained that "[a]ccording to her medical providers, [her]

mental health issues were triggered and exacerbated by the hostile work environment she experienced at [Brockton VAMC]." ID at 11. The appellant disputes this finding, arguing that her disability was not situational, as evidenced by her testimony below that "under different, supportive management, she continued to have panic attacks and other disability-related limitations." PFR File, Tab 1 at 8-11; IAF, Tab 17, Hearing Recording (HR) (testimony of the appellant). We are not persuaded. As noted by the administrative judge, "but for the workplace [] harassment, the appellant would have been able to do her job, as indicated by [her primary care physician's] assessment that '[w]hen she is working in an environment without exposure to her prior supervisors she is able to perform all functional duties of her position.'" ID at 11-12. We agree.

Numerous medical reports also linked the appellant's conditions to her specific work environment and acknowledged that her conditions improved when not in the hostile work environment. IAF, Tab 9 at 25-27, 30, 45-46, 48-50, 60, 85-86, 89-93, 95-99, 101-02, 106, 113, 118, 134-35, 143-44, 146-48. In a letter supporting a leave of absence dated August 10, 2018, a treating clinician explained that the appellant's "severe anxiety" was limited to her work environment at the time and appears to indicate that she would be able to perform her duties in a different environment, stating that "she is clearly competent in her profession and has the ability to work in so many positions available at [the Boston VAMC]." *Id.* at 48. The appellant also testified that her mental health improved and she was able to perform the essential duties of her position when temporarily detailed to a position in the Brockton VAMC's telehealth unit. IAF, Tab 17, HR (testimony of the appellant). Most notably, the appellant's testimony indicated that her medical conditions prevented her from performing all her duties only when working under the hostile work environment. *Id.* Therefore, we agree with the administrative judge's finding that the record evidence may be sufficient to establish that the appellant was unable to work under the circumstances of her

particular work environment, but it does not establish that she could not have performed the duties of her position in a different environment. ID at 11-12.

The appellant also contends that the facts that her mental health conditions predated her employment and that "she still has panic attacks" when visiting the Brockton VAMC for medical care are further evidence that her conditions were not situational. PFR File, Tab 1 at 10-11. In support of her assertion, she cites the Board's nonprecedential decision in *Wolfe v. Office of Personnel Management*, MSPB Docket No. AT-831E-09-0766-I-1, Final Order at 13-14 (Nov. 9, 2010).[3] *Id.* However, the Board is not bound by nonprecedential decisions, *see* 5 C.F.R. § 1201.117(c)(2), and the facts of the instant appeal are distinguishable from the facts in *Wolfe*. As such, we agree with the administrative judge that the evidence and testimony support a conclusion that the appellant's condition is situational because it is triggered by her perception of a hostile work environment.[4] ID at 11-13; *see, e.g.*, *Harris v. Office of Personnel Management*, 110 M.S.P.R. 249, ¶ 16 (2008) (finding that an appellant failed to prove entitlement to disability retirement when, among other things, her testimony suggested that she felt as if she was in a harassing work situation and her condition was better when she was not at work); *Guthrie*, 105 M.S.P.R. 530, ¶ 12 (finding that an appellant failed to prove entitlement to disability retirement

---

[3] In *Wolfe*, the Board determined that the appellant's PTSD was not situational when subsequent medical evidence demonstrated that her symptoms, including memory difficulties, lack of interest in social activities, poor grooming, fear of leaving her house, excessive crying, and inability to cope, were pervasive and affected her day-to-day life and her therapist opined that she could not return to work in any capacity with the agency. MSPB Docket No. AT-831E-09-0766-I-1, Final Order at 9, 13-14. As relevant here, the appellant's treatment notes indicate that her conditions improved when she was not working in the hostile work environment, she engaged in enjoyable activities, was attentive to hygiene and grooming, appeared alert and attentive, and presented good judgment. IAF, Tab 9 at 26, 75-148.

[4] To the extent the appellant raises arguments regarding whether her disabling medical condition was expected to continue for at least 1 year from November 2019, PFR File, Tab 1 at 8-9; *see Christopherson*, 119 M.S.P.R. 635, ¶ 6, we find it unnecessary to address those arguments given our findings.

when, among other things, her psychologist opined that her stress, anxiety, and depression were work-related and she should not return to her employing agency but might be able to succeed elsewhere).

The appellant's remaining arguments provide no basis to grant review. She argues that the administrative judge's failure to properly identify her job title rendered him unable "to make an appropriate evaluation of how her disability affected her position last occupied and whether she would be disabled from that position in the future." PFR File, Tab 1 at 7-8. Although it appears that the administrative judge incorrectly identified the appellant as a Licensed Practical Nurse, IAF, Tab 9 at 58, 162, 170-77, 203, we find the error harmless in light of our determination that the appellant's condition is situational. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (recognizing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Accordingly, we conclude that the appellant has provided no basis for disturbing the initial decision, which affirmed OPM's reconsideration decision denying her application for disability retirement.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.